GRACE DE MARCO, Respondent, v LOUIS DE MARCO, Appellant.

Third Department, March 6, 1980

### APPEARANCES OF COUNSEL

*Joseph D. Errico* (*Emanuel Thebner* of counsel), for appellant.

*Jacob Spatz* and *Alford & Lynes* for respondent.

### OPINION OF THE COURT

HERLIHY, J.

The appellant was first married in 1946 and in 1953 obtained a Mexican divorce which he now seeks to have declared invalid. Thereafter he was married a second time and subsequently divorced.

In November, 1963 he married the respondent and thereafter a child was born of the union. In 1974 the respondent sued appellant for a divorce and he attempted unsuccessfully to have his Mexican divorce declared invalid inasmuch as his first wife had never appeared nor submitted to the jurisdiction of the Mexican courts. The court granted the respondent a divorce and refused to consider the appellant's alleged defense. It should be noted that appellant was married a fourth time in 1974.

At the time of the present proceeding brought by appellant, there was pending an action in a different county to reform a deed, one of the reasons therefor being that the parties were not legally husband and wife. Special Term found that the relief sought was for the sole purpose of "posturing" insofar as the real property action was concerned and determined that the appellant was estopped.

It appears from the record that the appellant was the one who had secured the prior divorce, but failed to raise jurisdiction as an issue in the respondent's divorce action, and the propriety of Special Term finding an estoppel to urge a void decree solely for a private benefit was eminently correct. In *Knight v Knight* (31 AD2d 267, 270, affd 25 NY2d 957) the court stated: "Our courts have not treated the maneuvers of disenchanted spouses in seeking foreign divorces with the exercise of such an unyielding and lifeless logic. The defendant's premise that the foreign decree is void for all purposes mistakes the rule. A foreign decree, though void for lack of jurisdiction, may still form the body of an *estoppel against the party who caused it to be issued as to a private claim or demand arising out of the marriage (Starbuck v. Starbuck,* 173 N.Y. 503; *Hynes v. Title Guar. & Trust Co.,* 273 N.Y. 612). The defendant's premise in point of law is strictly confined to the impotence of the decree to affect the marital status itself *(Querze v. Querze,* 290 N.Y. 13, 17; cf. *Lynn v. Lynn,* 302 N.Y. 193, 200-203; *Vanderbilt v. Vanderbilt,* 1 N Y 2d 342, 351)." (Emphasis added; footnote omitted.)

The prior divorce decree in this case is not *upon its face* an unenforceable decree. It recites that the appellant personally appeared in the Mexican court and commenced the action; that there was attempted personal service of the petition and summons on his wife; and that the entire proceeding was in conformity with the legal requirements of Mexico. The result of declaring the Mexican divorce void would be the nullity of

his prior marriage to respondent as well as his prior marriage to a second wife and his current marriage to a fourth wife.

In the case of *Senor v Senor* (272 App Div 306, affd 297 NY 800) it was held that where a party to a Nevada divorce seeks to attack its validity, he will not be permitted to do so when it is simply to suit his current personal convenience. The present case involves a Mexican divorce, but it is closer in principle to the facts in *Senor v Senor (supra)* than the cases of *Vose v Vose* (255 App Div 1012, affd 280 NY 779 [no appearance in Mexico]), *Caldwell v Caldwell* (298 NY 146 [no appearance in Mexico]) and *Querze v Querze* (290 NY 13 [no appearance in Mexico]). The appellant went to Mexico and obtained the decree from its courts, and in the absence of it being a void mail order decree, the quasi-estoppel rule adopted in *Krause v Krause* (282 NY 355) is applicable. (See *Caldwell v Caldwell, supra,* pp 150-151.) Accordingly, Special Term properly denied the appellant's motion.

The order should be affirmed, with costs.

MAHONEY, P. J., SWEENEY, STALEY, JR., and CASEY, JJ., concur.

Order affirmed, with costs.